CAMPBELL v DEPARTMENT OF HUMAN SERVICES

Docket No. 281592. Submitted July 8, 2009, at Lansing. Decided November 24, 2009, at 9:05 a.m.

Christonna Campbell, an employee of the Department of Human Services, brought an action in the Washtenaw Circuit Court, Timothy P. Connors, J., against the Department of Human Services, alleging that she was denied a promotion as a result of unlawful gender discrimination. The jury found that plaintiff had proved her discrimination claim and awarded her economic and noneconomic damages. The court entered a judgment and order consistent with the verdict and denied defendant's motions for judgment notwithstanding the verdict, remittitur, or a new trial. Defendant appealed.

The Court of Appeals *held*:

1. Acts occurring outside the limitations period, although not actionable, may, in appropriate cases, be used as background evidence to establish a pattern of discrimination to support a claim for an injury occurring within the limitations period. This evidence is subject to the rules of evidence and applicable governing law, and may be admitted under the sound discretion of the trial court. The trial court did not abuse its discretion by admitting evidence regarding employment acts occurring outside the limitations period as background evidence. The trial court properly denied defendant's motion for summary disposition, given the proper admission of the background evidence and the inference of discrimination it supported.

2. Plaintiff met her burden of proof regarding the fourth element necessary to establish a prima facie case of discrimination, i.e., whether the adverse employment action took place under circumstances giving rise to an inference of unlawful discrimination, with the admissible evidence regarding acts occurring outside the limitations period. The trial court did not err by denying defendant's motion for a directed verdict.

3. The evidence was sufficient to allow the jury to believe that defendant's proffered reasons for promoting a male to the position instead of plaintiff were pretextual. Plaintiff presented sufficient evidence to raise a triable issue concerning whether gender was a

motivating factor in defendant's decision not to promote plaintiff. The trial court properly denied defendant's motion for judgment notwithstanding the verdict.

4. The jury's award of economic damages was reasonably based on the evidence and was not excessive. The motions for remittitur or a new trial were properly denied.

5. Victims of discrimination may recover for the humiliation, embarrassment, disappointment and other forms of mental anguish resulting from the discrimination and medical testimony substantiating the claim is not required. Plaintiff's testimony regarding her own subjective feelings was sufficient to support the award of noneconomic damages.

Affirmed.

MURRAY, J., concurring in part and dissenting in part, agreed with the majority regarding the admission of evidence regarding acts occurring outside the limitations period as background evidence to support a timely discrimination claim. However, Judge MURRAY stated that the evidence plaintiff presented was insufficient as a matter of law to show that she was discriminated against on the basis of her gender when she was not promoted to the position she desired. Plaintiff failed to prove that she was similarly situated to any of the males that received any of the prior positions that plaintiff sought and, even though there was enough evidence to show that plaintiff was similarly situated to the male that received the promotion at issue in this case, there is no evidence of pretext in defendant's choice of that male over plaintiff. The judgment of the trial court should be reversed and the case should be remanded to the trial court for entry of an order granting a directed verdict for defendant.

CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — EVIDENCE — ACTS OCCURRING OUTSIDE LIMITATIONS PERIOD.

Acts occurring outside the limitations period, although not actionable, may, in appropriate cases, be used as background evidence to establish a pattern of discrimination to support a claim for discrimination occurring within the limitations period; such evidence is subject to the rules of evidence and applicable governing law and may be admitted under the sound discretion of the trial court.

*Barnes Monroe Barnes, P.C.* (by *Joan M. Barnes*), for plaintiff.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Ann M. Sherman*, Assistant Attorney General, for defendant.

Before: METER, P.J., and MURRAY and BECKERING, JJ.

METER, P.J. In this gender-discrimination case, defendant appeals as of right from a judgment for plaintiff entered after a jury trial. We affirm. Of particular note is our holding that although acts of discrimination occurring outside an applicable limitations period are not actionable, evidence of them may, in appropriate cases, be used as "background evidence" to establish a pattern of discrimination and to support a proper claim.

## I. PERTINENT FACTS

Plaintiff alleged in her lawsuit that defendant, her employer, discriminated against her on the basis of her gender, contrary to MCL 37.2202(1)(a), a provision of the Michigan Civil Rights Act (CRA), MCL 37.2101 *et seq.*[1] Plaintiff had been employed with defendant since 1985, working in various positions with adjudicated youths. The basis of plaintiff's claim was defendant's decision to promote Michael Johnson, instead of her, to the center director position at Arbor Heights (Arbor), a youth facility, in October 2002.

The parties did not dispute that plaintiff's claim was governed by a three-year period of limitations. See MCL 600.5805(10). Defendant moved for summary disposition, noting that plaintiff's discrimination claim was subject to the analysis outlined in *McDonnell Douglas Corp v Green*, 411 US 792, 802-804; 93 S Ct 1817; 36 L

---

[1] Plaintiff set forth two counts in her complaint—gender discrimination and retaliation—but the retaliation count was dismissed and is not at issue on appeal.

Ed 2d 668 (1973), which has been adopted in Michigan. See *Hazle v Ford Motor Co*, 464 Mich 456, 462-463; 628 NW2d 515 (2001). Defendant claimed that plaintiff had failed to present evidence of acts within the three-year limitations period amounting to discrimination. Defendant further claimed that it offered an alternative, nondiscriminatory reason for promoting Johnson instead of plaintiff to the position in question.

A key issue in defendant's motion was whether acts that occurred outside the limitations period could be considered in order to support a claim based on an act that occurred within that period. Defendant asserted that acts outside the limitations period could not be considered on the basis of our Supreme Court's decision in *Garg v Macomb Co Community Mental Health Services*, 472 Mich 263, 283-285; 696 NW2d 646 (2005), amended 473 Mich 1205 (2005), in which the Court held that a plaintiff could not bring a viable CRA lawsuit for employment actions that occurred outside the limitations period. *Garg* overruled *Sumner v Goodyear Tire & Rubber Co*, 427 Mich 505; 398 NW2d 368 (1986), which recognized a "continuing-violations" exception to the statute of limitations. *Garg*, 472 Mich at 280, 284. Defendant contended that only events that occurred after January 28, 2002,[2] properly could be considered in this case. Plaintiff maintained that *Garg* does not mandate the exclusion from evidence of acts outside the limitations period in order to show a pattern of discrimination, as long as the claim itself is based on an act within that period.

The trial court rejected defendant's interpretation of *Garg* by relying on the reasoning in *Ramanathan v*

---

[2] This date took into consideration that the statutory period was tolled during the pendency of a federal suit filed by plaintiff that was later dismissed. Plaintiff does not dispute the accuracy of defendant's calculation.

*Wayne State Univ Bd of Governors*, unpublished opinion
per curiam of the Court of Appeals, issued January 4,
2007 (Docket No. 266238) *(Ramanathan I)*, rev'd in
part on other grounds by *Ramanathan v Wayne State
Univ Bd of Governors*, 480 Mich 1090 (2008) *(Ra-
manathan II)*. It stated that it had discretion to consider
acts that occurred outside the limitations period as
background evidence in order to establish a pattern of
discrimination. The court applied the *McDonnell Dou-
glas* framework, found that plaintiff had presented
sufficient evidence to establish a prima facie case, and
concluded that a genuine issue of material fact existed
regarding whether unlawful discrimination was a mo-
tivating factor in defendant's failure to promote plain-
tiff. The court concluded that, although defendant sat-
isfied    its    burden    of    providing    a    legitimate,
nondiscriminatory reason for its failure to promote
plaintiff, the substantively admissible evidence, which
included acts outside the limitations period, was suffi-
cient to support a rational inference of discrimination.
The trial court therefore denied defendant's motion for
summary disposition of plaintiff's gender discrimina-
tion claim, and a two-day jury trial took place.

The jury found that plaintiff had proved her discrimi-
nation case and awarded her $328,000 in economic
damages and $50,000 in noneconomic damages.

II. EVIDENCE OF ACTS OUTSIDE THE LIMITATIONS PERIOD

Defendant argues that evidence of acts occurring
outside the three-year limitations period should have
been excluded from trial.

Defendant raises this issue in the context of the trial
court's denial of its motion for summary disposition
under MCR 2.116(C)(10). This Court reviews de novo a
trial court's decision regarding a motion for summary

disposition. *Kuznar v Raksha Corp*, 481 Mich 169, 175; 750 NW2d 121 (2008). Summary disposition of all or part of a claim may be granted under MCR 2.116(C)(10) when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004) (citation and quotation marks omitted). The moving party must specifically identify the matters that allegedly have no disputed factual issues, and the nonmoving party must support its position that a disputed factual issue does exist by using affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(4); *Coblentz v City of Novi*, 475 Mich 558, 569; 719 NW2d 73 (2006).

We review a trial court's admission of evidence for an abuse of discretion. *In re Archer*, 277 Mich App 71, 77; 744 NW2d 1 (2007). However, we review de novo preliminary questions of law pertinent to the admission of evidence. *Dep't of Transportation v Frankenlust Lutheran Congregation*, 269 Mich App 570, 575; 711 NW2d 453 (2006).

In *Sumner*, the Court adopted the "continuing-violations" exception to the statute of limitations, which required the plaintiff to first demonstrate the existence of a violation within the limitations period, and then "demonstrate either that his or her employer has engaged in a 'policy of discrimination' or has engaged in 'a series of allegedly discriminatory acts which are sufficiently related so as to constitute a pattern . . . .' " *Garg*, 472 Mich at 280, quoting *Sumner*, 427 Mich at 528. The *Garg* Court held that this doctrine was at odds with the applicable statute of limitations,

MCL 600.5805, and, thus, had no future applicability in Michigan. *Garg*, 472 Mich at 281-282. Therefore, under *Garg*, a plaintiff cannot recover for any injuries that occurred outside the three-year limitations period applicable to CRA claims. *Id.* at 282. This rule is not in dispute in this case. Rather, the parties dispute whether evidence of acts or events outside the limitations period can nonetheless be used as background evidence to establish a pattern of discrimination in order to prove a timely claim.

The Court in *Garg* did not squarely address whether acts or events outside the limitations period can be used as background evidence to establish a pattern of discrimination in order to prove a timely claim. It is true that the Court in *Garg* seemed to exclude from evidence in that case acts occurring outside the limitations period. See *id.* at 278. This was pointed out by Justice CAVANAGH, writing in dissent. *Id.* at 303 (CAVANAGH, J., dissenting). However, the Court also emphasized that *allowing recovery* for injuries outside the limitations period would improperly contravene the intent of the Legislature. *Id.* at 282. There is a difference, of course, between *allowing recovery* for an injury outside the limitations period and simply allowing such an injury to be used as background evidence to establish a claim associated with an injury occurring within the limitations period. Significantly, the Court in *Garg* had originally included a footnote stating that acts outside the limitations period could *not* be used as background evidence of discrimination, but this footnote was deleted in an amendment to the opinion.

This Court, in its unpublished decision *Ramanathan I*, which the trial court in this case followed, stated:

> Despite the language in *Garg*, referencing limitations on the admissibility of evidence in that case, we cannot read

the amended opinion so broadly as to exclude per se all background evidence of alleged discriminatory or retaliatory acts occurring outside the limitations period. Absent clear guidance in this regard from the Supreme Court, we conclude that this evidence is subject to the rules of evidence and other applicable governing law, and its admissibility is within the discretion of the trial court. [*Ramanathan I*, unpub op at 4.]

The *Ramanathan I* panel stated that a "per se rule [of exclusion] cannot be inferred from *Garg* given the Supreme Court's amendment of the opinion to delete footnote 14, which expressly sanctioned such blanket exclusion of evidence in claims under the CRE." *Id.*, unpub op at 3. On appeal, the Supreme Court reversed this Court's *Ramanathan I* decision in part and remanded the case to the circuit court without commenting on this Court's handling of the "background evidence" issue, a point that Justice MARKMAN noted in his dissenting statement. *Ramanathan II*, 480 Mich at 1097 (MARKMAN, J., dissenting). Justice MARKMAN stated:

Defendant also asserts that, even if plaintiff's claims are allowed to proceed to trial, plaintiff may not present evidence of events that occurred outside the statute of limitations period under *Garg*. Unfortunately, the majority simply ignores this issue. The significance of this Court's action in *Garg* in granting plaintiff's motion for reconsideration and striking the original footnote 14 is squarely implicated in this case if it must proceed to trial, as required by the majority. I agree with the Court of Appeals that "the implications of *Garg* are unclear with respect to the admission of evidence." This Court should not require this trial to proceed where the scope of admissible evidence is unclear and where this issue has squarely been presented to this Court. It makes no sense for this trial to proceed before its ground rules can be determined. [*Id.*]

Given the absence of a bright-line rule set forth in *Garg*, given the deletion of the footnote, and given the Supreme Court's failure to address the "background evidence" issue in *Ramanathan II*, we decline to read *Garg* as holding that injuries occurring outside the limitations period may never be used as evidence to support a claim for an injury occurring within the limitations period. We instead choose to adopt the reasoning in *Ramanathan I* and hold that acts occurring outside the limitations period, although not actionable, may, in appropriate cases, be used as background evidence to establish a pattern of discrimination. This evidence is subject to the rules of evidence and applicable governing law, and may be admitted under the sound discretion of the trial court. We note that our decision to adopt this rule of law does not resurrect the continuing-violations doctrine. Unlike under the continuing-violations doctrine, a plaintiff cannot *recover* for any injury suffered as a result of a prior act occurring outside the limitations period. However, we find no reason why the use of such acts as background evidence should not be subject to Michigan's evidentiary rules and the trial court's discretion to admit it.[3]

We conclude that the trial court did not err by finding that it was not prohibited as a matter of law from considering employment acts occurring outside the limitations period as background evidence. The evidence was admissible as background evidence, and in light of its clear probative value, we conclude that the trial court did not abuse its discretion by admitting it. Given the proper admission of the evidence and given

---

[3] We note that federal courts allow time-barred acts as background evidence relating to timely acts. See, e.g., *Rathbun v Autozone, Inc*, 361 F3d 62, 76 (CA 1, 2004).

the inference of discrimination it supported, the trial court properly denied defendant's motion for summary disposition.

### III. ADDITIONAL ISSUES

#### A. THE FOURTH ELEMENT OF THE PRIMA FACIE CASE

Defendant also contends that its motion for a directed verdict should have been granted because plaintiff failed to establish the fourth element necessary to establish a prima facie case of discrimination, i.e., whether the adverse employment action took place under circumstances giving rise to an inference of unlawful discrimination. See *Hazle*, 464 Mich at 463.

This Court reviews de novo a trial court's decision on a motion for a directed verdict. *Sniecinski v Blue Cross & Blue Shield of Michigan*, 469 Mich 124, 131; 666 NW2d 186 (2003).

> In reviewing the trial court's ruling, this Court examines the evidence presented and all legitimate inferences arising therefrom in the light most favorable to the nonmoving party. A directed verdict is appropriate only when no material factual question exists upon which reasonable minds could differ. If reasonable jurors could honestly have reached different conclusions, neither the trial court nor this Court may substitute its judgment for that of the jury. The appellate court recognizes the jury's and the judge's unique opportunity to observe the witnesses, as well as the factfinder's responsibility to determine the credibility and weight of trial testimony. [*Moore v Detroit Entertainment, LLC*, 279 Mich App 195, 201-202; 755 NW2d 686 (2008) (citations and quotation marks omitted).]

In *Hazle*, 464 Mich at 463, the Court stated:

> Under *McDonnell Douglas*, a plaintiff must first offer a "prima facie case" of discrimination. Here, plaintiff was required to present evidence that (1) she belongs to a

protected class, (2) she suffered an adverse employment
action, (3) she was qualified for the position, and (4) the job
was given to another person under circumstances giving
rise to an inference of unlawful discrimination.

Defendant contends that plaintiff did not adequately
establish the fourth element of this analysis. We dis-
agree. Given the admissibility of acts outside the limi-
tations period as background evidence of discrimina-
tion, we find that the record demonstrates that plaintiff
met her burden of establishing this element. Viewing
the evidence in the light most favorable to plaintiff, a
rational trier of fact could reasonably infer, from the
multiple times that plaintiff was not chosen for a
position for which she was qualified and that was filled
by a male, and in some cases by a male less qualified
than plaintiff, that gender was a motivating factor in
defendant's decision not to promote plaintiff to the
Arbor position. Further, we find unpersuasive defen-
dant's argument that another female employee was
selected and promoted as a center director elsewhere.
The fact that some women held high-level positions
does not mean that a reasonable inference of discrimi-
nation could not be made in this particular case. The
trial court did not err by denying the motion for a
directed verdict.

### B. EVIDENCE OF A PRETEXT

Defendant next argues that "[p]laintiff did not prove
that [d]efendant's legitimate, nondiscriminatory rea-
sons for hiring Michael Johnson as the Arbor Heights
director were pretextual." Defendant contends that for
this reason, the trial court should have granted defen-
dant's motion for judgment notwithstanding the verdict
(JNOV).

We review de novo a trial court's decision regarding a motion for JNOV. *Sniecinski*, 469 Mich at 131. "This Court must view the evidence and all legitimate inferences in the light most favorable to the nonmoving party . . . to determine whether a question of fact existed." *Livonia Bldg Materials Co v Harrison Constr Co*, 276 Mich App 514, 517-518; 742 NW2d 140 (2007). "If reasonable jurors could honestly have reached different conclusions, then the jury verdict must stand." *Zantel Marketing Agency v Whitesell Corp*, 265 Mich App 559, 568; 696 NW2d 735 (2005) (citations and quotation marks omitted).

Once a plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *Hazle*, 464 Mich at 464-465. The plaintiff, for his or her claim to survive following such an articulation by the employer, must then demonstrate that the articulated reason was merely a pretext for unlawful discrimination. *Id.* at 465-466.

> A plaintiff can establish that a defendant's articulated legitimate, nondiscriminatory reasons are pretexts (1) by showing the reasons had no basis in fact, (2) if they have a basis in fact, by showing that they were not the actual factors motivating the decision, or (3) if they were factors, by showing that they were jointly insufficient to justify the decision. [*Feick v Monroe Co*, 229 Mich App 335, 343; 582 NW2d 207 (1998).]

It is insufficient for a plaintiff to "simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Hazle*, 464 Mich at 476 (citations and quotation marks omitted).

The evidence presented in this case was sufficient to allow the jury to believe that defendant's proffered reasons for promoting Johnson instead of plaintiff—objective scoring criteria and a written recommendation—were pretextual. Defendant claimed Johnson had the highest interviewing score, but failed to introduce the actual scores as corroborating evidence, despite their availability. This was of particular importance because interview performance apparently was the key factor in the promotion decision. Further, plaintiff's written qualifications were more than sufficient and she had been trained in the type of interviewing employed. In light of these facts, along with the evidence on the record that supported an inference of discrimination based on defendant's pattern of promoting men who were less qualified than plaintiff, plaintiff created a triable issue regarding whether defendant's stated reason for promoting Johnson was a mere pretext for gender discrimination. See *Town v Michigan Bell Tel Co*, 455 Mich 688, 698; 568 NW2d 64 (1997) (evidence to discredit a defendant's proffered reason together with the plaintiff's prima facie case may be sufficient to support a finding of discrimination).

Although defendant presented statistical evidence suggesting workplace gender equality, that evidence covered the entirety of defendant's employees, and not just those at the bureau where plaintiff claimed she had suffered gender discrimination. It may have been true that overall gender equality existed statistically, while there was inequality in the bureau in question. Moreover, the mere facts that there was a woman on the interview panel and that a woman approved the promotion decision do not mean that plaintiff was not discriminated against on the basis of gender. In fact, the approval process only ensured that the civil-service rules were followed regarding the selection process and

did not involve the detailed substance of interviews. Candidates' scores were also not compared during the approval process. Considering all the evidentiary support, we find that plaintiff presented sufficient evidence to raise a triable issue concerning whether gender was a motivating factor in defendant's decision not to promote plaintiff. Accordingly, the trial court properly denied the motion for JNOV.[4]

### C. REMITTITUR OR A NEW TRIAL

Defendant next argues that the trial court should have granted its motion for remittitur or a new trial because plaintiff did not support with evidence the economic damages that the jury awarded, and the verdict was excessive and against the great weight of the evidence.

We review for an abuse of discretion a trial court's decision concerning a motion for a new trial. *Hilgendorf v St John Hosp & Med Ctr Corp*, 245 Mich App 670, 682; 630 NW2d 356 (2001). We also review for an abuse of discretion a trial court's decision regarding remittitur. *Palenkas v Beaumont Hosp*, 432 Mich 527, 533; 443 NW2d 354 (1989).

> In determining whether remittitur is appropriate, a trial court must decide whether the jury award was supported by the evidence. *Diamond v Witherspoon*, 265 Mich App 673, 693; 696 NW2d 770 (2005). This determination must be based on objective criteria relating to the actual conduct of the trial or the evidence presented. *Palenkas* [432 Mich at 532]. The power of remittitur should be

---

[4] In its appellate brief, defendant conflates a number of the issues in this case. For clarity, we note that we also conclude that there was sufficient evidence of discrimination presented before trial to allow plaintiff's claim to proceed and we therefore reject defendant's argument that the trial court should have granted its motion for summary disposition.

exercised with restraint. *Hines v Grand Trunk W R Co*, 151 Mich App 585, 595; 391 NW2d 750 (1985). If the award for economic damages falls reasonably within the range of the evidence and within the limits of what reasonable minds would deem just compensation, the jury award should not be disturbed. *Palenkas, supra* at 532-533. [*Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 462; 750 NW2d 615 (2008).]

The damages award fell within the range supported by the evidence and within what reasonable minds would consider just compensation, and therefore the award will not be disturbed. Plaintiff testified that it was her understanding that the position in question would provide compensation based on its classification at "level 17," and evidence indeed indicated that employees were compensated according to classification level and years of state service. Plaintiff, in calculating the damages she sought, used the pay rate of a "level 17" employee with similar tenure who was promoted around the time she was denied the position at Arbor.

Although it is questionable whether plaintiff would have retained a position classified at "level 17" after Arbor closed sometime in 2007, other opportunities did exist and she was qualified for them. It would be reasonable for a jury to conclude that plaintiff would have obtained a similar position. A jury could thus decide to award her corresponding compensation. We conclude that the jury's award of $328,000 in economic damages was reasonably based on the evidence and was not excessive, and, therefore, it will not be disturbed. *Id*. Remittitur or a new trial is unwarranted.

Defendant further argues that a portion of the jury's award is for future damages and therefore must be reduced to its present-day value in accordance with MCL 600.6306. Although it is possible, considering the record, including plaintiff's trial testimony, that a por-

tion of her award was for future damages, the verdict form only had one line on which the jury entered its amount of economic damages. Significantly, defendant approved this verdict form. Plaintiff testified that she calculated her total economic damages at $320,218, her counsel stated that she was asking for $368,265, and the jury awarded her $328,000. It is not possible to determine with any accuracy what portion, if any, of the award was for future damages. Accordingly, we conclude that no portion of the jury's award should be reduced to its present-day value.

### D. HEARSAY

Lastly, defendant argues that the trial court abused its discretion by "admitting through [p]laintiff's testimony medical documents from [p]laintiff's treating physician that supported [p]laintiff's non-economic damages" because "the documents are hearsay" and "the result materially affected [d]efendant's rights." As noted earlier, we review a trial court's admission of evidence for an abuse of discretion. *In re Archer*, 277 Mich App at 77.

Hearsay is an out-of-court statement (including a written assertion) offered for the truth of the matter asserted. MRE 801(a) and (c). Hearsay is not admissible unless a specific exception applies. MRE 802.

Here, the trial court admitted two doctor's notes and a prescription. The first note was admitted for the limited purpose of notice, not for the truth of the matter asserted, and was therefore not hearsay. The second note was used to demonstrate that plaintiff was diagnosed as having stress, anxiety, and depression that disabled her from working. The prescription was used to demonstrate that plaintiff had been prescribed the antidepressant Paxil, as she had testified.

Even assuming, without deciding, that the second note and the prescription were hearsay and thus improperly admitted, we find no basis for reversal. "In civil cases, evidentiary error is considered harmless unless declining to grant a new trial, set aside a verdict, or vacate, modify, or otherwise disturb a judgment or order appears to the court inconsistent with substantial justice." *Guerrero v Smith*, 280 Mich App 647, 655; 761 NW2d 723 (2008) (citations and quotation marks omitted).

Contrary to defendant's contention that plaintiff had to present objective evidence of her emotional damages, plaintiff's testimony regarding her own subjective feelings was sufficient to support an award of noneconomic damages. Victims of discrimination may recover for the "humiliation, embarrassment, disappointment and other forms of mental anguish" resulting from the discrimination, and medical testimony substantiating the claim is not required. *Brunson v E & L Transport Co*, 177 Mich App 95, 106-107; 441 NW2d 48 (1989). Plaintiff testified regarding the stress, anxiety, and depression that she experienced because of defendant's discriminatory conduct. Thus, the content of the second note was merely cumulative of her testimony. In addition, the prescription simply indicated that plaintiff was prescribed the drug Paxil, without stating any condition explaining why the drug was prescribed and without providing any additional information. Moreover, plaintiff herself testified that she had been prescribed the drug. Under the circumstances, no error requiring reversal occurred.[5]

Affirmed.

---

[5] We thus reject defendant's argument that a new trial or remittitur is appropriate because of the admission of the documents.

BECKERING, J., concurred.

MURRAY, J. (*concurring in part and dissenting in part*). I concur in the majority opinion's holding that nothing within *Garg v Macomb Co Community Mental Health Services*, 472 Mich 263; 696 NW2d 646 (2005), amended 473 Mich 1205 (2005), or the three-year statute of limitations, MCL 600.5805(10), precludes plaintiff from bringing forward background evidence of allegedly discriminatory conduct directed towards her that occurred more than three years prior to the filing of the complaint, so long as it is otherwise admissible under the Michigan Rules of Evidence. The United States Supreme Court has held such "time-barred" evidence to be admissible as background evidence to a timely discrimination claim, *Nat'l R Passenger Corp v Morgan*, 536 US 101, 113; 122 S Ct 2061; 153 L Ed 2d 106 (2002) ("Nor does the statute [Title VII] bar an employee from using the prior acts as background evidence in support of a timely claim."), and even though the Michigan Supreme Court has not issued a final opinion precluding such background evidence, it almost did, *Garg*, *supra* at 263 n 14, but then seemed to change its mind, see *Garg* as amended, *supra* at 1205, striking the original footnote 14 and renumbering the remaining footnotes, and see *Ramanathan v Wayne State Univ Bd of Governors*, 480 Mich 1090, 1097 (2008) (MARKMAN, J., dissenting).

However, the majority errs in its conclusion that the trial court properly denied defendant's motion for a directed verdict. The testimony produced by plaintiff during her case-in-chief, which included only that of plaintiff and Michael Johnson, the male employee who received the only actionable promotion at issue, was insufficient as a matter of law to prove that plaintiff was subject to unlawful sex discrimination in her fail-

ure to be promoted to the Arbor Heights center director position in 2002. Accordingly, I dissent from that portion of the majority's opinion.

The elements required to prove a case of sex discrimination under a "disparate treatment" theory are well-settled.[1] In order to prove her sex discrimination case, plaintiff was required to show that she was a member of a class protected by the Civil Rights Act, MCL 37.2101, and that she was treated differently than a member of a different class for the same or similar conduct. *Lytle v Malady (On Rehearing)*, 458 Mich 153, 181; 579 NW2d 906 (1998) (opinion by WEAVER, J.); *Merillat v Michigan State Univ*, 207 Mich App 240, 247; 523 NW2d 802 (1994). Because there is no dispute that plaintiff was a member of a protected class, to create an inference of disparate treatment plaintiff had to prove that she was similarly situated to Johnson, which required proving that " 'all of the relevant aspects' of [her] employment situation were 'nearly identical' to those of [Johnson's] employment situation." *Town v Michigan Bell Tel Co*, 455 Mich 688, 699-700; 568 NW2d 64 (1997) (opinion by BRICKLEY, J.), quoting *Pierce v Commonwealth Life Ins Co*, 40 F3d 796, 802 (CA 6, 1994); see, also, *Wilcoxon v Minnesota Mining & Mfg Co*, 235 Mich App 347, 370; 597 NW2d 250 (1999). If plaintiff proves that she was similarly situated to Johnson, a rebuttable presumption of discrimination arises. However, the presumption is not conclusive of unlawful discrimination and, in fact, *dissipates* once defendant articulates a legitimate nondiscriminatory reason for not promoting plaintiff. See *Hazle v Ford Motor Co*, 464 Mich 456, 462-465; 628 NW2d 515 (2001); *Lytle, supra* at 172-174 (opinion by WEAVER, J.). Once the presumption has been rebutted,

---

[1] Plaintiff must utilize this burden-shifting criteria because she did not produce any direct evidence of discrimination.

plaintiff must come forward with evidence to show not only that defendant's reasons for not promoting plaintiff were false, but also that the motivating factor in the decision was plaintiff's sex. *Hazle, supra* at 474-475. The court can neither second-guess defendant's decision nor focus on whether that decision was " 'wise, shrewd, prudent, or competent.' " *Id.* at 464 n 7, quoting *Town, supra* at 704. The only question is whether unlawful " 'discriminatory animus' " motivated defendant's decision. *Hazle, supra* at 464 n 7, quoting *Texas Dep't of Community Affairs v Burdine*, 450 US 248, 257; 101 S Ct 1089; 67 L Ed 2d 207 (1981).

In this case, plaintiff's entire case-in-chief revolved around evidence that she was a qualified and prosperous employee who was more qualified than Johnson for this promotion. Plaintiff's case was based upon two related theories. First, plaintiff testified about how well she served in different capacities during her employment with the state,[2] and how Johnson had allegedly received some discipline during his service with the state. Second, plaintiff testified in very general terms about different positions—some of which she applied for and some of which she didn't—that she felt qualified for over the years but that went to a male employee. Neither of these proofs was sufficient to submit this case to a jury.

Taking the theories in reverse order, what was substantially missing from plaintiff's background proofs was any suggestion that she was similarly situated to anyone that received any prior position. In fact, there was no evidence at all about the qualifications of any male (excluding Johnson) who received positions that

---

[2] During plaintiff's case-in-chief, defendant offered to stipulate that plaintiff was a good employee throughout her employment with the state, so this issue was never in dispute.

plaintiff thought she should have received (even if she didn't apply for them), and thus the jury had no evidence to make any comparison with respect to the relative qualifications of those males and whether they were similarly situated to plaintiff. Thus, the conclusory evidence of prior positions held by males that plaintiff thought she should have received did not constitute evidence of sex discrimination, or a predisposition by defendant to discriminate against plaintiff because of her gender when she did not receive the Arbor Heights promotion.

There certainly was enough evidence to show that plaintiff was similarly situated to Johnson. However, there was no evidence of pretext in defendant's choice of Johnson over plaintiff. For one, plaintiff's belief that she was more qualified than Johnson does not constitute evidence of unlawful sex discrimination, for " 'a plaintiff's own opinions about her work performance or qualifications do not sufficiently cast doubt on the legitimacy of her employer's proffered reasons for its employment actions.' " *Millbrook v IBP, Inc*, 280 F3d 1169, 1181 (CA 7, 2002), quoting *Ost v West Suburban Travelers Limousine, Inc*, 88 F3d 435 (CA 7, 1996). And, although in some limited cases evidence that a plaintiff was better qualified can be proof of pretext, *Ash v Tyson Foods, Inc*, 546 US 454, 457; 126 S Ct 1195; 163 L Ed 2d 1053 (2006), courts have been instructed not to sit as " 'super personnel department[s]' " by second-guessing otherwise legitimate decisions. *Millbrook, supra* at 1181, quoting *Simms v Oklahoma ex rel Dep't of Mental Health*, 165 F3d 1321, 1330 (CA 10, 1999). See, also, *Burdine, supra* at 259. To keep from acting in this manner, courts have uniformly held that to be considered evidence of pretext the evidence must show that the qualification " 'differences are so favorable to the plaintiff that there can be no dispute among reasonable

persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue.' " *Millbrook, supra* at 1179, quoting *Deines v Texas Dep't of Protective and Regulatory Services*, 164 F3d 277, 279 (CA 5, 1999). Accord *Ash, supra* at 457-458, and cases cited therein.

As noted, the evidence offered by plaintiff did not show that her qualifications were such that she was clearly the better-qualified candidate, and therefore she did not present sufficient evidence of pretext. Both she and Johnson had a comparable level of education and years of experience in the relevant fields. Both had held positions above their normal pay grade. And, although plaintiff had the recommendation of the individual who was being replaced as center director, that alone does not make plaintiff the clearly better-qualified candidate. Or, stated differently, it does not create any inference of discriminatory treatment by defendant in this employment decision. All that plaintiff's evidence allowed the jury to do was determine whether defendant promoted the better-qualified candidate, and that is not what the Civil Rights Act was meant to do. *Ash, supra*; *Burdine, supra*; *Millbrook, supra*.[3] As the Supreme Court held in *Burdine*:

> The views of the Court of Appeals can be read, we think, as requiring the employer to hire the minority or female applicant whenever that person's objective qualifications were equal to those of a white male applicant. But Title VII does not obligate an employer to accord this preference.

---

[3] Indeed, in denying defendant's motion for a directed verdict, the trial court ruled that plaintiff's testimony that she felt she was promised the center director position because she was more qualified than Johnson, and that Johnson thought plaintiff would get the position, created an issue of fact for the jury. But all this evidence did was create an issue with respect to whether defendant made the best decision, rather than whether it made a discriminatory one.

Rather, the employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria. The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose him to Title VII liability, although this may be probative of whether the employer's reasons are pretexts for discrimination. *Loeb v. Textron, Inc.*, [600 F2d 1003, 1012 n 6 (CA 1, 1979)]; see *Lieberman v. Gant*, 630 F.2d 60, 65 (CA 2 1980). [*Burdine, supra* at 259.]

I would reverse the judgment and remand for entry of an order granting defendant's motion for a directed verdict.