# STATE OF MICHIGAN

# COURT OF APPEALS

---

LIEUTENANT JOE L. TUCKER, JR.,

Plaintiff-Appellant,

v

DETROIT POLICE DEPARTMENT CHIEF OF
POLICE JAMES L. CRAIG, ASSISTANT CHIEF
STEPHEN DOLUNT, DEPUTY CHIEF
CHARLES FITZGERALD, LIEUTENANT
KELLY FITZGERALD, and CITY OF DETROIT,

Defendants-Appellees.

UNPUBLISHED
April 12, 2018

No. 336804
Wayne Circuit Court
LC No. 16-011874-CD

---

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition and awarding costs and fees to defendants based on the conclusion that plaintiff's action was frivolous. Because defendants were entitled to summary disposition under MCR 2.116(C)(6) (prior proceeding between the same parties involving the same claim), we affirm the trial court's grant of summary disposition. However, because the trial court clearly erred by concluding that plaintiff's lawsuit was frivolous, we reverse the award of costs and fees to defendants.

Plaintiff is a Detroit police officer. Plaintiff alleges that in 2011, defendant Kelly Fitzgerald, a police lieutenant, falsely accused him of submitting fraudulent overtime reports. Plaintiff also claims that in 2012 and 2013 he worked under the command of Kelly's husband, Deputy Chief Charles Fitzgerald, who accused plaintiff of being a thief. Later, in 2014, while again under Charles's command, plaintiff was investigated on allegations that he falsified names and signatures on court appearance notices and submitted them for compensation. According to plaintiff, he was cleared of any wrongdoing but nevertheless demoted and subjected to other adverse employment action as a result of these investigations. In December 2014, plaintiff filed a complaint with the United States Equal Employment Opportunity Commission (EEOC), alleging discrimination based on race.

In April 2015, plaintiff filed a lawsuit against defendants alleging discrimination based on race in violation of the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*., under

-1-

theories of both disparate treatment and harassment creating a hostile work environment. Plaintiff also alleged that defendants retaliated against him after their allegations "were proven to be 'unfounded'." Defendants moved for summary disposition pursuant to MCR 2.116(C)(10). The trial court granted summary disposition with respect to the hostile work environment and retaliation claims, but denied the motion as to the race discrimination claim based on disparate treatment. In 2016, plaintiff moved to amend his complaint to add additional claims of discrimination and retaliation based on events that took place after he filed the 2015 lawsuit. In September 2016, the trial court denied the motion.

Later in September 2016, plaintiff filed the instant action against defendants, the same parties to the 2015 lawsuit. Paragraphs 1-48 of plaintiff's 2016 complaint were virtually identical to paragraphs 1-47 of plaintiff's 2015 complaint. Plaintiff further alleged, however, that defendants continued to retaliate against him for filing the EEOC complaint by charging him with multiple departmental violations in October 2015. Plaintiff also alleged that in March 2016, he was recommended for promotion, but he was not promoted and less qualified applicants were promoted instead. Additionally, plaintiff asserted that, in 2016, defendants failed to investigate claims that another police officer had submitted a false overtime request. According to plaintiff, this failure to investigate compared to previous investigations into plaintiff's conduct was evidence of disparate treatment based on plaintiff's race.

Defendants moved for summary disposition of plaintiff's 2016 lawsuit. In pertinent part, they argued that the 2016 lawsuit was precluded because the 2015 lawsuit involved the same parties and the same claims and was still pending. Defendants also requested sanctions on the ground that the 2016 lawsuit was frivolous. The trial court granted defendants' motion under MCR 2.116(C)(6), (C)(7), and (C)(8). The court also concluded that plaintiff's 2016 lawsuit was frivolous, and the court awarded defendants attorney fees in the amount of $4,272, and costs in the amount of $51.50. Plaintiff now appeals as of right.

I. SUMMARY DISPOSITION

On appeal, plaintiff argues that the trial court erred by granting defendants' motion for summary disposition. Specifically, plaintiff maintains that the 2015 lawsuit should not affect his ability to bring the 2016 lawsuit because the 2016 lawsuit involved allegations of new facts that occurred after the filing of the 2015 lawsuit, meaning that these new facts could not have been included in his 2015 complaint. We disagree and hold that the trial court properly granted defendants' motion for summary disposition under MCR 2.116(C)(6).[1]

---

[1] In granting summary disposition, the trial court also relied on MCR 2.116(C)(7) and (C)(8). To the extent the trial court cited (C)(7) and concluded that res judicata and/or collateral estoppel applied, we disagree with the trial court's conclusions. The 2015 case was still pending, meaning that there was no final judgment and neither res judicata nor collateral estoppel applied. See *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 43; 795 NW2d 229 (2010) ("For [res judicata] to apply, the judgment in the first case must have been final."); *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006) ("Collateral estoppel bars

We review de novo a trial court's decision to grant a motion for summary disposition. *Bev Smith, Inc v Atwell*, 301 Mich App 670, 680; 836 NW2d 872 (2013). MCR 2.116(C)(6) provides that summary disposition may be granted where "[a]nother action has been initiated between the same parties involving the same claim." "MCR 2.116(C)(6) is a codification of the former plea of abatement by prior action." *Fast Air, Inc v Knight*, 235 Mich App 541, 545; 599 NW2d 489 (1999). The purpose of the rule is as follows:

> The courts quite uniformly agree that parties may not be harassed by new suits brought by the same plaintiff involving the same questions as those in *pending* litigation. If this were not so repeated suits involving useless expenditures of money and energy could be daily launched by a litigious plaintiff involving one and the same matter. Courts will not lend their aid to proceedings of such a character, and the holdings are quite uniform on this subject. [*Id*. at 546 (quotation marks and citation omitted) (emphasis in *Fast Air, Inc*).]

To grant summary disposition under MCR 2.116(C)(6), another action between the same parties involving "the same claim" must be pending at the time of the decision on the motion for summary disposition. *Id*. at 549. However, MCR 2.116(C)(6) does not require that "all the issues be identical." *Id*. at 545 n 1. See also *JD Candler Roofing Co, Inc v Dickson*, 149 Mich App 593, 598; 386 NW2d 605 (1986). Rather, "[t]he two suits only have to be based on the same or substantially the same cause of action." *Fast Air, Inc*, 235 Mich App at 545 n 1 (quotation marks and citation omitted). See also *Ross v Onyx Oil & Gas Corp*, 128 Mich App 660, 666; 341 NW2d 783 (1983). "The ultimate inquiry is whether a judgment in the first action, if one is rendered, will be conclusive on the parties with respect to the matters involved in the second." 1 Am Jur 2d Abatement, Survival, and Revival § 28. In other words, caselaw addressing whether actions arise from the same claim for purposes of applying res judicata apply by analogy to determinations of whether a second action involves the same claim as a pending action under MCR 2.116(C)(6).

In this case, when the motion for summary disposition relating to the 2016 lawsuit was decided, the 2015 lawsuit remained pending. Further, the lawsuits involved the same parties and the same, or substantially the same, cause of action. That is, both cases involved claims of race discrimination and retaliation arising out of the same transaction.[2] See 1 Am Jur 2d Abatement, Survival, and Revival § 28 ("The crucial inquiry is whether the two actions arise out of the same

---

relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding."). With regard to MCR 2.116(C)(8), the court did not explain why summary disposition was appropriate under this subrule. However, even if the trial court erred by relying on (C)(7) and (C)(8), plaintiff would not be entitled to relief because summary disposition was properly granted under MCR 2.116(C)(6).

[2] Indeed, in his 2016 complaint, plaintiff acknowledged that "[t]here is another action which arises out of the same transaction and occurrence as stated herein, which is presently pending. . . ."

transaction or occurrence."); *Adair v State*, 470 Mich 105, 125; 680 NW2d 386 (2004) ("Whether a factual grouping constitutes a transaction . . . is to be determined pragmatically, by considering whether the facts are related in *time, space, origin or motivation,* [and] whether they form a convenient trial unit.") (emphasis and alteration in *Adair*). Because the 2015 lawsuit remained pending, and it involved the same parties and the same claims as the 2016 lawsuit, defendants were entitled to summary disposition under MCR 2.116(C)(6).

In contrast to this conclusion, plaintiff notes that his 2016 lawsuit involved allegations relating to events that occurred after he filed his 2015 lawsuit. Plaintiff contends that these additional allegations could not have been included in his initial complaint in 2015.[3] Thus, according to plaintiff, the 2015 lawsuit should not prevent him from filing his 2016 lawsuit. However, plaintiff's argument ignores the fact that MCR 2.118(E) provides for supplemental pleadings as follows:

> On motion of a party the court may, on reasonable notice and on just terms, permit the party to serve a supplemental pleading to state transactions or events that have happened since the date of the pleading sought to be supplemented, whether or not the original pleading is defective in its statement of a claim for relief or a defense. The court may order the adverse party to plead, specifying the time allowed for pleading.

Indeed, "under Michigan law, a plaintiff has a duty to supplement her complaint with related factual allegations that develop 'during the pendency of' her state suit or have them barred by res judicata." *Buck v Thomas M Cooley Law Sch*, 597 F3d 812, 817 (CA 6 2010), quoting *Adair*, 470 Mich at 125 (applying res judicata to bar subsequent claims that could have been asserted with due diligence "during the pendency" of a previous case). By the same reasoning, when deciding whether to dismiss a lawsuit based on another pending suit involving the same parties and the same claims, "it is not required that the precise issues be included in the first suit before the second suit is filed provided that the claims in the first suit can be amended to bring in all of the necessary and proper claims." 1 Am Jur 2d Abatement, Survival, and Revival § 28. In other words, when there is a pending lawsuit involving the same parties and the same claims, and new facts and allegations arise from the same transaction that can be raised with due diligence in the

---

[3] Insofar as plaintiff's 2016 lawsuit involved a restatement of many of the allegations from the 2015 complaint, plaintiff contends that he was permitted to rely on the factual allegations alleged in his 2015 complaint in support of his 2016 lawsuit as set forth in *Campbell v Human Servs Dep't*, 286 Mich App 230, 238; 780 NW2d 586 (2009). In *Campbell*, this Court held that a plaintiff cannot recover for an injury as a result of events occurring outside a limitations period, but that a plaintiff may rely on events outside the limitations period as background evidence. *Id*. However, that decision has no applicability to this case. Any permissible use of the allegations in the 2015 complaint as background evidence for the 2016 lawsuit has no effect on the validity of the dismissal of plaintiff's 2016 lawsuit on the ground that it involved the same claims between the same parties as raised in the 2015 lawsuit.

first lawsuit during the pendency of that case, a second lawsuit cannot be maintained and summary disposition as to the second lawsuit is proper under MCR 2.116(C)(6).

Here, the 2015 case remained pending and with due diligence, plaintiff could have raised his claims relating to events occurring after he filed his 2015 complaint in the 2015 lawsuit. See *Adair*, 470 Mich at 125. Indeed, plaintiff followed the correct procedure when he filed a motion to amend his 2015 complaint to add the new allegations that he later included in his 2016 complaint. We note that his request to amend his 2015 complaint was denied. But, it does not follow that this denial opened the door to a new lawsuit involving the same parties and the same claims. Instead, if the trial court erred by denying plaintiff's motion to amend his 2015 complaint, plaintiff's recourse was to seek review of the trial court's decision. See *Buck*, 597 F3d at 818. Ultimately, plaintiff's 2016 lawsuit was improper because the 2015 lawsuit involving the same parties and the same claims remained pending. Accordingly, defendants were entitled to summary disposition under MCR 2.116(C)(6).

## II. FRIVOLOUS CLAIM

Finally, plaintiff argues that the trial court erred in awarding defendants sanctions on the ground that his 2016 complaint was frivolous. We review for clear error the trial court's decision "to impose sanctions on the ground that an action was frivolous within the meaning of MCR 2.625(A)(2) and MCL 600.2591." *Ladd v Motor City Plastics Co*, 303 Mich App 83, 103; 842 NW2d 388 (2013). MCR 2.625(A)(2) provides that "if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." In this case, we have reviewed the lower court record and, although defendants were entitled to summary disposition, we see nothing in the record to support the trial court's conclusion that plaintiff's lawsuit was frivolous. Consequently, the trial court clearly erred by awarding costs and fees to defendants. We therefore reverse the award of costs and fees.

Affirmed in part and reversed in part.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Christopher M. Murray

-5-