*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARIAM BAZZI,

       Plaintiff-Appellant,

v

STATE AUTO INSURANCE COMPANIES,
RANDA HAMMOUD, ADNAN HARB, and
OSSAMA HARB,

       Defendants-Appellees.

UNPUBLISHED
June 6, 2024

No. 364115
Wayne Circuit Court
LC No. 20-007272-NI

Before: GARRETT, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting defendants, Randa Hammoud, Adnan Harb, and Ossama Harb, summary disposition under MCR 2.116(C)(10) in this no-fault action. We affirm.

On the morning of August 5, 2019, plaintiff was driving a BMW titled and registered to her, but insured under a commercial auto insurance policy issued by defendant State Auto Insurance Companies (State) to I & D Construction, Inc, a company owned and operated by her husband, on northbound M-39. Traffic was slowing, as was plaintiff, when she was rear-ended by a car allegedly owned by defendants, Adnan and Ossama Harb ("the Harbs"), and driven by defendant, Randa Hammoud ("Hammoud"). The collision forced plaintiff's vehicle into the vehicle in front of her and plaintiff suffered neck, back, and shoulder injuries because of the collision.

Plaintiff provided notice to State of the accident, and thereafter sought no-fault insurance benefits from State (personal protection insurance or "PIP" and uninsured/underinsured motorist benefits). State declined to pay benefits to plaintiff, and she initiated a lawsuit against State for breach of contract. In the same lawsuit, plaintiff brought a negligence action against Hammoud and claims under the owner's liability statute, MCL 257.401, and for negligent entrustment against the Harbs. State moved for summary disposition asserting that its policy provides commercial insurance coverage only to vehicles owned by the insured named in the policy—I & D

-1-

Construction, Inc. (I & D). According to State, at the time of the accident, the BMW operated by plaintiff was also owned and registered to plaintiff, not I & D. State thus argued there was no material question of fact that there is no coverage for the BMW under its policy. State further argued there was no material question of fact that it is not in the line of priority for purposes of paying no-fault benefits.

Plaintiff responded that she was listed as an authorized driver on the State policy and was also injured while occupying a vehicle covered under the State policy, and thus entitled to no-fault benefits under the language of the State policy. Plaintiff pointed out that State, through its representative, even admitted that uninsured/underinsured benefits were available to her. Plaintiff also responded that she brought her lawsuit prior to the significant changes in no-fault law and that under the no-fault scheme in place at the time of her accident, she was entitled to benefits from State as the priority insurer. The trial court agreed with State, adopting the arguments in State's motion and granting summary disposition in favor of State.[1]

We review de novo a trial court's decision on a motion for summary disposition. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "When deciding a motion for summary disposition under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party." *Ernsting v Ave Maria College*, 274 Mich App 506, 509–510; 736 NW2d 574 (2007). Summary disposition is appropriate under MCR 2.116(C)(10) when, except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Campbell v Human Servs Dep't*, 286 Mich App 230, 235; 780 NW2d 586 (2009). "A genuine issue of material fact exists when the record, giving the benefit of any reasonable doubt to the opposing party, leaves open an issue on which reasonable minds could differ." *Ernsting*, 274 Mich App at 510. This matter also involves the court's interpretation of an insurance policy, which we review de novo. *Wasik v Auto Club Ins Ass'n*, 341 Mich App 691, 694; 992 NW2d 332 (2022).

The rules of contract interpretation apply with equal force to the interpretation of insurance contracts. *Citizens Ins Co v Pro–Seal Serv Group, Inc*, 477 Mich 75, 82; 730 NW2d 682 (2007). The language of insurance contracts should be read as a whole and must be construed to give effect to every word, clause, and phrase. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003). Insurers can define or limit the scope of coverage as long as the policy language in not in contravention of public policy and, when the policy language is clear, a court must enforce the specific language of the contract. *Heniser v Frankenmuth Mut Ins Co*, 449 Mich 155, 160-161; 534 NW2d 502 (1995).

A two-step analysis is used when interpreting an insurance policy. The first step is to determine whether the insurance policy provides coverage for the occurrence. *Hunt v Drielick,* 496 Mich 366, 373; 852 NW2d 562 (2014). If coverage exists, the second step requires a determination of whether an exclusion negates the coverage. *Id*. "It is the insured's burden to

---

[1] The remaining defendants thereafter also moved for summary disposition in their favor, which the trial court granted. The order granting summary disposition in the remaining defendants' favor is not at issue in this appeal.

establish that his claim falls within the terms of the policy." *Auto Owners Ins Co v Seils*, 310 Mich App 132, 146; 871 NW2d 530 (2015), quoting *Heniser*, 449 Mich at 172.

Plaintiff sought two types of benefits: PIP and uninsured/underinsured motorist. "PIP benefits are mandated by statute under the no-fault act. MCL 500.3105. "[T]herefore, the statute is the 'rule book' for deciding the issues involved in questions regarding awarding those benefits." *MemberSelect Ins Co v Hartford Accident & Indem Co*, 343 Mich App 377, 380–381; 997 NW2d 267 (2022), quoting *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 524-525; 502 NW2d 310 (1993). "In other words, when there is a conflict between the language of a policy and the no-fault statute, the statute wins." *MemberSelect Ins Co*, 343 Mich App at 381.

Providing uninsured/underinsured coverage is optional, on the other hand, and not statutorily mandated under the no-fault act. Thus, the policy language alone controls the circumstances entitling a claimant to an award of those benefits." *Wasik*, 341 Mich App at 696. We, therefore, look to the terms agreed to by the parties in their insurance contracts to determine if coverage is available. *Id.*

With respect to plaintiff's claim for PIP benefits, she asserts that the trial court erred in granting summary disposition in State's favor because State was first in priority for the payment of PIP benefits under MCL 500.3114 prior to the 2019 change in the no-fault laws. According to plaintiff, the Department of Insurance and Financial Services (DIFS) issued order 19-048-M regarding implementation of the priority amendments which directed that insurers may not implement the amendments until they submitted revised forms and rates for the Director's review. Plaintiff contends that State did not prove it submitted revised forms and rates such that it remained first in priority for payment of her PIP benefits. Plaintiff is incorrect.

MCL 500.3114 states, in relevant part:

(1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1)1 applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. . . .

(2) A person who suffers accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle. This subsection does not apply to a passenger in any of the following, unless the passenger is not entitled to personal protection insurance benefits under any other policy:

* * *

(3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

* * *

> (5) Subject to subsections (6) and (7), a person who suffers accidental bodily injury arising from a motor vehicle accident that shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:

The phrase "the person named in the policy" means "the named insured." *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 255; 819 NW2d 68 (2012).

State issued a policy of insurance to "named insured" I & D on the BMW effective July 2, 2019 and the accident occurred on August 5, 2019. Under "Other Named Insureds and DBAS," the only name appearing is "I & D Construction, Inc. dba Ali Abdullah." Thus, plaintiff is not a "named insured" on the policy and is not entitled to PIP benefits from State under MCL 500.3114(1). While it would, at first blush, perhaps appear as if plaintiff may be covered for PIP benefits as Ali Abdullah's wife, given that MCL 500.3114(1) provides priority "to the person named in the policy, the person's spouse . . .," caselaw suggests differently.

As pointed out in *MemberSelect Ins Co*, 343 Mich App at 382:

"DBA" means "doing business as." This designation

> is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. [*Id.*, quoting *Duval v Midwest Auto City, Inc*, 425 F Supp 1381, 1387 (D Neb, 1977).]

The State policy issued on the BMW specifies that it is business auto coverage for a private corporation and describes the business as "contractors." Under "number of employees" for the business, the number "1" appears. Plaintiff testified at her deposition that she worked full time at the time of the accident as the office manager for Affiliated Diagnostics. She testified that she helped her husband with invoices for his company, I & D, but she was not an employee of the company and did not get paid for her work. Presumably, then, the one employee referenced in the policy was plaintiff's husband, Ali Abdullah. I & D and Ali Abdullah are thus one and the same and plaintiff is not entitled to PIP benefits under MCL 500.3114(1) as either "the person named in the policy" or the spouse of the person named in the policy.

True, the State policy lists plaintiff under "drivers." However, under her name, the following language appears:

> Please review this list of drivers and notify your agent immediately of any additional drivers or corrections. All drivers, both principal and occasional, should be listed. This list is for underwriting purposes only and does not grant insured status or coverage. Please refer to the contract for specific coverage information.

-4-

It is undisputed that neither MCL 500.3114(2) nor MCL 500.3114(5) apply as exceptions to the above, as this case does not involve a motor vehicle operated in the business of transporting passengers and there was no evidence of the involvement of a motorcycle. To the extent that plaintiff would argue that MCL 500.3114(3) serves as an exception to the application of MCL 500.3114(1), it cannot be ignored that the exception set forth in that subrule applies only to spouses of employees who are injured "while an occupant of a motor vehicle *owned or registered by the employer*." MCL 500.3114(3)(emphasis added). As has already been admitted by plaintiff, she owned the BMW, and it was registered in her name. MCL 500.3114(3) is thus inapplicable and, State was not in the order of priority for the payment of plaintiff's PIP benefits.

In addition, plaintiff relies on an order issued by the DIFS instructing automobile insurers to submit revised rates and forms for DIFS approval before shifting priority under MCL 500.3114 to the Michigan Automobile Insurance Placement Facility. However, the order was rescinded by the DIFS on July 20, 2021. The order relied upon by plaintiff thus has no bearing on this matter. This Court also need not defer to the interpretation of a statute by the administrative agency responsible for administering it, if that interpretation is clearly wrong or ignores basic principles of statutory interpretation. *Bronson Health Care Group, Inc v Esurance Prop & Cas Ins Co*, __Mich App__; __NW3d__ (2023) (Docket No. 363486); slip op at 5. The now-rescinded order clearly ignored the effective date of the amendments to the no-fault statutes and added requirements not contemplated by the amendments.

Turning to plaintiff's claim for uninsured/underinsured benefits, plaintiff asserts that the trial court erroneously granted summary disposition in State's favor because State allegedly changed the policy to exclude the BMW after the accident occurred and because State admitted it had and would provide the coverage to plaintiff. We disagree.

First, both State and the trial court relied on the policy issued on the BMW effective July 2, 2019 (prior to the accident). The policy was amended *after* the accident to remove the BMW when it was totaled. Any argument made by plaintiff regarding a unilateral change in the policy by State as a basis for summary disposition is thus without merit.

Second, the July 2, 2019 policy provides a Schedule of Coverages indicating that uninsured/underinsured benefits were available "only for those autos 'you own.' " The policy specifies that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insureds shown in the Declarations." Again, the Named Insureds are I & D, and I & D dba Ali Abdullah. Neither I & D, nor I & D dba Ali Abdullah owned the BMW; plaintiff did. Thus, uninsured/underinsured benefits were not available to plaintiff.

Finally, a January 27, 2020, e-mail from an associate at State did, in fact, state, "Attached is the insured's declaration page confirming there is $300K in UIM limits and Mariam Bazzi is a listed insured so this coverage will be available to her should there be no coverage for the at-fault party or insufficient limits." However, plaintiff did not provide any law to support her argument that the above amounts to a binding admission and a mere statement without authority is insufficient to bring an issue before this Court. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998). It is not sufficient for a party to announce a position or assert an error and then leave it up to this Court to rationalize the basis for his claims, and then search for authority either to sustain or reject his position. *Id*., quoting *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388

(1959).

      Moreover, the associate was clearly incorrect and her statements contravene the explicit language of the policy. Plaintiff was listed only as a *driver* on the policy, not an insured. And, as previously stated, an insurance policy is interpreted and applied the same way as any other contract. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). Where no ambiguity exists, this Court enforces the contract as written. *Farm Bureau Mut Ins Co of Mich v Nikkel*, 460 Mich 558, 566; 596 NW2d 915 (1999). There is no ambiguity in the uninsured/underinsured motorist provision and we are thus bound to enforce the insurance contract as written. No erroneous prelitigation statement by one of State's associates can change the terms of the unambiguous contract and plaintiff has provided no authority suggesting otherwise.

      Affirmed.

/s/ Kristina Robinson Garrett
/s/ Deborah A. Servitto
/s/ James Robert Redford