SAWYER, P.J.
This case presents what appears to be a question of first impression, namely whether a nonresident motorcyclist who is involved in an accident with a motor vehicle in this state is entitled to personal protection insurance (PIP) benefits when the insurer of the motorcycle involved in the accident has not filed a certification under MCL 500.3163, but the motorcyclist is also covered under an automobile policy issued by a different insurer, who has filed such a certification, for an automobile not involved in the accident. We hold that under these circumstances, the motorcyclist is entitled to PIP benefits.
The facts relevant to these appeals are not in dispute. Plaintiff was injured while riding his motorcycle on M-22 near Glen Arbor, Michigan, and was involved in a collision with a motor vehicle operated by Sara Kaplan. At the time of the accident, plaintiff was a resident of the commonwealth of Kentucky. The motorcycle was registered in Kentucky and insured by defendant Pro *661 gressive Northern Insurance Company. At the time of the accident, plaintiff also had motor vehicles in Kentucky-insured by defendants State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company (collectively “State Farm”). The Kaplan vehicle was insured by defendant Auto-Owners Insurance Company.
Plaintiff filed the instant action, seeking first-party no-fault benefits from all three insurance companies. The trial court granted State Farm’s and Progressive Northern’s motions for summary disposition. Plaintiff and Auto-Owners then filed cross-motions for summary disposition, with the trial court granting plaintiffs motion and denying Auto-Owners’ motion, ruling that Auto-Owners was obligated to pay Michigan no-fault benefits to plaintiff. Thereafter, the trial court also granted plaintiffs motion for attorney fees, interest, and costs. Auto-Owners now appeals.
We review de novo the trial court’s decision on summary disposition.[1] Similarly, questions of statutory interpretation are reviewed de novo.[2] We give the words used by the Legislature their plain and ordinary meaning.[3]
With respect to the PIP benefit claim in its first appeal, Auto-Owners’ sole argument is that plaintiff is not entitled to PIP benefits because the insurer of the motorcycle had not filed a certification in compliance with MCL 500.3163. MCL 500.3113(c) provides in relevant part as follows:
*662 A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
[[Image here]]
(c) The person was not a resident of this state, was an occupant of a motor vehicle or motorcycle not registered in this state, and was not insured by an insurer which has filed a certification in compliance with section 3163.
Section 3163, MCL 500.3163, provides as follows:
(1) An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, is subject to the personal and property protection insurance system under this act.
(2) A nonadmitted insurer may voluntarily file the certification described in subsection (1).
(3) Except as otherwise provided in subsection (4), if a certification filed under subsection (1) or (2) applies to accidental bodily injury or property damage, the insurer and its insureds with respect to that injury or damage have the rights and immunities under this act for personal and property protection insureds, and claimants have the rights and benefits of personal and property protection insurance claimants, including the right to receive benefits from the electing insurer as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury or property damage.
(4) If an insurer of an out-of-state resident is required to provide benefits under subsections (1) to (3) to that out-of-state resident for accidental bodily injury for an accident in *663 which the out-of-state resident was not an occupant of a motor vehicle registered in this state, the insurer is only-liable for the amount of ultimate loss sustained up to $500,000.00. Benefits under this subsection are not recoverable to the extent that benefits covering the same loss are available from other sources, regardless of the nature or number of benefit sources available and regardless of the nature or form of the benefits.
It is undisputed that plaintiffs motorcycle insurer has not filed this certification, while his automobile insurer has filed a certification. The question to be resolved is whether it was necessary for the motorcycle insurer to have filed the certification in order for plaintiff to be eligible to receive PIP benefits because it was the motorcycle, and not plaintiffs automobile, that was involved in the accident. We agree with the trial court that it was not and that plaintiff is eligible to receive PIP benefits.
We turn first to the actual language of the statute. We find the terms of § 3113(c) plain and unambiguous: for plaintiff to be excluded from PIP benefits, all three conditions must be met. And the third condition has not been met. MCL 500.3113(c) precludes recovery if the out-of-state party “was not insured by an insurer which has filed a certification in compliance with section 3163.” The simple fact remains that plaintiff was insured by an insurer that had filed the required certification. Nothing in the statute requires that the insurer be the one that provided insurance for the vehicle involved in the accident. Indeed, as this Court observed in Farmers Ins Exch v Farm Bureau Gen Ins Co of Michigan,[4] under the no-fault act “persons rather than vehicles are insured against loss.” And because plaintiff *664 is a person insured by a carrier that had filed a certification under § 3163, § 3113(c) does not exclude him from PIP benefits.
Auto-Owners cites two cases in support of its position, neither of which is particularly helpful in resolving this question. Auto-Owners cites Gersten v Blackwell[5] for the proposition that the general purpose behind MCL 500.3113(c) is to “prevent benefits provided by Michigan’s scheme from going to someone who has not paid a premium for the same.” But Gersten did not deal with the situation in which the out-of-state party was occupying a vehicle insured by an “uncertified” insurer but also owned a vehicle insured by a “certified” insurer. Rather, it merely dealt with the question whether treating in-state and out-of-state residents differently posed a constitutional violation, which it concluded did not.[6]
Similarly, the other case relied on by Auto-Owners, Drake v Gordon,[7] did not deal with the multivehicle question presented in the case at bar; once again, the applicability (and constitutionality) of applying the no-fault act to out-of-state residents, specifically the restrictions on tort recoveries, was the issue resolved in the case. Auto-Owners relies on Drake for the proposition that out-of-state motorists cannot “successfully contend that they are entitled to the benefits of [the no-fault act] without having borne its burdens” and that plaintiff could have protected himself by “paying into the state’s plan.”[8]
But Auto-Owner’s argument contains a logical flaw: plaintiff has paid into the no-fault system through the *665 motor vehicle insured by State Farm. More precisely, MCL 500.3113(c) would not operate to preclude plaintiffs recovery of PIP benefits had he been driving his State Farm insured motor vehicle at the time of the accident instead of the motorcycle. But in terms of plaintiff having paid into Michigan’s no-fault system, nothing would have been different: he would have paid the same premiums to the same insurers who had the same certification or lack of certification under § 3163.
Furthermore, Auto Owners’ suggestion that the Legislature intended to exclude nonresident motorcyclists “from receipt of no-fault benefits where the motorcyclist has not paid a premium for no-fault PIP coverage on his motorcycle” overlooks a very basic fact: only the owner or registrant of a motor vehicle is required to have personal protection insurance and, by definition, motorcycles are not motor vehicles.[9] Therefore, motorcycles are not required to have personal protection insurance coverage. Nevertheless, motorcyclists are entitled to PIP benefits when injured in an accident involving a motor vehicle.[10] Indeed, Auto-Owners’ argument is inconsistent with the fact that a person is entitled to PIP benefits if injured in a motor vehicle accident even if not an occupant of a motor vehicle.[11] To accept Auto-Owners’ argument, we would have to ignore these statutes because it would be necessary to conclude that to be eligible to receive PIP benefits, one must be occupying a vehicle insured under the no-fault act at the time of injury. Clearly that is not the case.
In fact, not only are motorcyclists entitled to PIP benefits despite the fact that there is no requirement that they carry insurance with PIP benefits, the motor *666 cycle insurer is never required to pay PIP benefits through the motorcycle policy. Under MCL 500.3114(5), the motorcycle insurance policy is never the source of the payment of PIP benefits. This further demonstrates that the Legislature, while desiring to generally extend PIP benefits to motorcyclists, was unconcerned with the motorcycle insurer’s certification status under § 3163.
Moreover, it is not always the case that the insurer related to the motor vehicle involved in the accident will be the one responsible for the payment of PIP benefits. For example, in Goldstein v Progressive Cas Ins Co,[12] an out-of-state resident was a passenger in a car that was registered out of state itself. The plaintiff was covered by a policy issued to his father, also an out-of-state resident. Both insurers had filed certifications pursuant to MCL 500.3163. This Court determined that the insurer that had issued the policy to the plaintiffs father (whose vehicle was not involved in the accident) covered the plaintiff and was responsible for the payment of no-fault benefits.[13]
This Court addressed a similar issue in Transport Ins Co v Home Ins Co,[14] in which we held that
[o]ur reading of § 3163 according to the plain and ordinary meaning of its words does not persuade us that the motor vehicle owned, operated, maintained, or used by the nonresident must also be one that is covered under the terms of the foreign policy. In our view, the only conditions of carrier liability imposed under § 3163 are: (1) certification of the carrier in Michigan, (2) existence of an automobile liability policy between the nonresident and the certified carrier, and (3) a sufficient causal relationship between the *667 nonresident’s injuries and his or her ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. Inasmuch as the undisputed facts of this case reveal that these three conditions of liability have been met, we find no error in the trial court’s reliance on § 3163.
Auto-Owners also poses a nonsensical argument suggesting that plaintiffs interpretation of the statute would allow a nonresident to create a scheme by which the nonresident could avail himself or herself of PIP benefits. Under Auto-Owners’ scenario, a nonresident who lives near the Michigan border could insure a junker car for a minimal amount from a noncertified insurer, keep it parked at home, drive an uninsured vehicle to and from work in Michigan, and be entitled to PIP benefits. This argument fails for at least two reasons. First, while Auto-Owners is correct that it would avoid the provisions of MCL 500.3113(b),[15] it would still not avoid MCL 500.3113(c) because there would be no coverage by an insurer that had filed a certification. Second, it overlooks the requirement under MCL 500.3102 of no-fault insurance for any motor vehicle operated in this state for 30 or more days per calendar year.
In sum, Auto-Owners’ arguments fail to counter the clear and unambiguous language of § 3113(c). Plaintiff is a person insured by an insurer that has filed a certification under § 3163. Therefore, plaintiff is not excluded from receiving PIP benefits after being injured in a motor vehicle accident occurring in Michigan.
In its second appeal, Auto-Owners challenges the trial court’s award of attorney fees under MCL 500.3148(1), which provides as follows:
*668 An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney’s fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.
This presents a mixed question of fact and law. The question of what constitutes reasonableness is one of law that we review de novo.[16] But whether the denial of no-fault benefits was reasonable under the facts of the case is a question of fact that we review for clear error.[17] The Court in Ross v Auto Club Group[18] further explained the purpose of MCL 500.3148(1) and the burden it places on the insurer:
The purpose of the no-fault act’s attorney-fee penalty provision is to ensure prompt payment to the insured. Accordingly; an insurer’s refusal or delay places a burden on the insurer to justify its refusal or delay. The insurer can meet this burden by showing that the refusal or delay is the product of a legitimate question of statutory construction, constitutional law, or factual uncertainty. [Citations omitted.]
Auto-Owners argues that it did not unreasonably refuse to pay benefits because there was a legitimate question of statutory construction regarding the interpretation of MCL 500.3113(c). We disagree. Auto-Owners correctly states that the mere fact that it is ultimately determined that the insurer must pay benefits does not compel the conclusion that its initial decision to deny benefits was unreasonable.[19] Neverthe *669 less, we are not persuaded that Auto-Owners raised a legitimate question of statutory construction in this case. As discussed above, the actual language of MCL 500.3113(c) does not establish the requirement that the out-of-state vehicle occupied by the claimant must be the one for which the insurer has filed a certification. The cases relied on by Auto-Owners are not on point and do not logically support its position. And Auto-Owners concludes with a nonsensical argument that its interpretation of the statute was necessary to keep out-of-state residents living near the Michigan border from scamming the no-fault system. In short, not only does Auto-Owners’ argument fail, it fails to present any legitimate basis to even consider accepting its interpretation of the statute. To conclude that Auto-Owners in this case has presented a legitimate question of statutory interpretation would effectively require us to adopt a principle that any time an insurer raises a question of first impression under the no-fault act, that question, as a matter of law, presents a legitimate question of statutory interpretation. We are unwilling to do that.
For these reasons, we affirm the trial court’s determination that plaintiff was entitled to PIP benefits and that Auto-Owners was obligated to pay plaintiffs attorney fees under MCL 500.3148.
Affirmed. Plaintiff may tax costs.
Meter and DONOFRIO, JJ., concurred with SAWYER, PJ.

 Borman v State Farm Fire & Cas Co, 198 Mich App 675, 678; 499 NW2d 419 (1993), aff'd 446 Mich 482 (1994).

 Stand Up For Democracy v Secretary of State, 492 Mich 588, 598; 822 NW2d 159 (2012) (opinion by Mary Beth Kelly, J.)

 Id.

 272 Mich App 106, 109; 724 NW2d 485 (2006).

 111 Mich App 418, 424; 314 NW2d 645 (1981).

 Id. at 424-425.

 848 F2d 701 (CA 6, 1988).

 Id. at 707-708.

 MCL 500.3101(1) and (2)(e).

 MCL 500.3114(5).

 MCL 500.3115.

 218 Mich App 105; 553 NW2d 353 (1996).

 Id. at 107-108.

 134 Mich App 645, 651; 352 NW2d 701 (1984).

 The provisions of MCL 500.3113(b) are avoided because an out-of-state vehicle is not required to carry no-fault insurance under § 3101.

 Ross v Auto Club Group, 481 Mich 1, 7; 748 NW2d 552 (2008).

 Id.

 Id. at 11.

 Brown v Home-Owners Ins Co, 298 Mich App 678, 691; 828 NW2d 400 (2012).