# STATE OF MICHIGAN

# COURT OF APPEALS

CHEYENNE USEWICK, EDWARD FRANK
USEWICK III, and BENTLEY'S BEST, LLC,

UNPUBLISHED
May 17, 2018

Plaintiffs-Appellees,

v

No. 335163
Genesee Circuit Court
LC No. 15-104108-NM

GAULT DAVISON, PC, EDWARD B.
DAVISON, and BERNARD L. MCARA,

Defendants-Appellants.

Before: O'CONNELL, P.J., and HOEKSTRA and K. F. KELLY, JJ.

PER CURIAM.

Defendants, Gault Davison, PC (Gault Davison), and two attorneys employed by Gault Davison, Edward B. Davison (Davison) and Bernard L. McAra (McAra), appeal by leave granted[1] the trial court's order setting aside a stipulated order of dismissal and reopening the case. We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiffs Cheyenne Usewick (Cheyenne) and Edward Frank Usewick III (Edward) operated a used car business, plaintiff Bentley's Best, LLC (Bentley's Best). In 2011, Cheyenne and Edward entered into a joint venture with Andrew Suski and Philip Goldman, who owned their own car dealerships. The joint venture gave Cheyenne and Edward access to financing provided to Suski, Goldman, and their businesses by Ally Financial (Ally). By the end of 2013, Ally discovered that the financing was undersecured and threatened to accelerate approximately $21 million in debt owed by Suski and his companies. About the same time, Cheyenne agreed to transfer title to 300 vehicles to Suski, and it appears that Cheyenne understood this transfer to be part of a deal to save Suski's businesses. The joint venture fell apart shortly thereafter.

---

[1] *Usewick v Gault Davison, PC*, unpublished order of the Court of Appeals, entered December 12, 2016 (Docket No. 335163).

Plaintiffs filed suit against Suski and his companies in 2014. In 2015, plaintiffs filed the present suit against defendants, alleging legal malpractice, breach of fiduciary duties, and various claims of fraud. Later in 2015, Edward pleaded guilty to one count of conspiracy to commit bank fraud in violation of 18 USC 1344 and 1349. In March 2016, the parties agreed to dismiss the present suit with prejudice and without costs. On March 8, 2016, the trial court entered a stipulated order of dismissal that closed the case.

In September 2016, plaintiffs filed a motion seeking to have the stipulated order set aside and the matter reopened. Plaintiffs argued that defendants had committed several fraudulent acts that, had plaintiffs known the truth, would have caused plaintiffs to refuse to dismiss the case. The trial court heard arguments less than two weeks later. It explicitly refused to make any finding that defendants had committed fraud. Nonetheless, the trial court granted the motion and set aside the dismissal on September 19, 2016, reasoning that "new information" and "a different theory" required reopening of the case.

## II. DISCUSSION

The only issue presented on appeal is whether the trial court abused its discretion by setting aside the stipulated order of dismissal. We conclude that it did. "Decisions on motions to set aside a judgment under MCR 2.612(C) are reviewed for an abuse of discretion." *Wolf v Mahar*, 308 Mich App 120, 128; 862 NW2d 668 (2014). "A court abuses its discretion when its decision is outside the range of principled outcomes." *Id*. (citation and quotation marks omitted). We review de novo the interpretation of a court rule. *Wolf*, 308 Mich App at 128.

Pursuant to MCR 2.612(C)(1), "[o]n motion and on just terms," a trial court "may relieve a party or the legal representative of a party from a final judgment, order, or proceeding" on a number of specified grounds. Pertinent to this case, those grounds include the following:

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

* * *

(f) Any other reason justifying relief from the operation of the judgment. [MCR 2.612(C)(1)(b), (c), and (f).]

Defendants' motion for relief from judgment cited MCR 2.612(C)(1)(c) and MCR 2.612(C)(1)(f). We, however, believe that the most applicable ground was MCR 2.612(C)(1)(b), newly discovered evidence. Plaintiffs argued that they discovered new evidence since they agreed to dismiss the case that supports a new theory of liability against defendants. The trial court's conclusion that plaintiffs had new evidence and a new theory echoed MCR 2.612(C)(1)(b). Plaintiffs did not cite this subrule in the trial court, and they deny its relevance

to the matter on appeal. Therefore, plaintiffs have waived any contention that relief from judgment is warranted under MCR 2.612(C)(1)(b).[2] See *The Cadle Co v City of Kentwood*, 285 Mich App 240, 254-255; 776 NW2d 145 (2009).

With regard to MCR 2.612(C)(1)(c), when a party raises allegations of fraud on the court, a trial court should generally hold an evidentiary hearing to determine whether fraud occurred, particularly in the face of conflicting allegations and affidavits. *Kiefer v Kiefer*, 212 Mich App 176, 179; 536 NW2d 873 (1995). An evidentiary hearing is not required when the party alleging fraud "fails to provide specific allegations of fraud relating to a material fact[.]" *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 405; 651 NW2d 756 (2002).

In this case, the trial court abused its discretion by setting aside the order of dismissal and reopening the case under MCR 2.612(C)(1)(c). The trial court declined to make a finding of fraud. Without such a finding, the trial court had no reason to set aside the order of dismissal under MCR 2.612(C)(1)(c). Furthermore, an evidentiary hearing is not required because plaintiffs failed to offer evidence that would support a finding of fraud.

This case does not concern fraud perpetrated on the trial court that caused it to enter the order of dismissal. Rather, this case concerns a stipulated order to dismiss a case with prejudice. A "stipulation is a type of contract, and contract defenses are available to a party who seeks to avoid a stipulation." *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 394; 573 NW2d 336 (1997). "This Court has suggested that a stipulation may be set aside where there is evidence of mistake, fraud, or unconscionable advantage." *Id*. "There are three interrelated fraud doctrines: (1) fraudulent misrepresentation, (2) innocent misrepresentation, and (3) silent fraud." *Barclae v Zarb*, 300 Mich App 455, 476; 834 NW2d 100 (2013). Plaintiffs cite the elements of fraudulent misrepresentation. To demonstrate fraudulent misrepresentation,

> it must appear: (1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery. [*Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012) (citation and quotation marks omitted).]

A party need not show that "the fraud could not have been discovered through the exercise of reasonable diligence." *Id*. at 557. In other words, the party alleging fraud is not

---

[2] Moreover, relief is not warranted under MCR 2.612(C)(1)(b) unless the newly discovered evidence could not have been discovered earlier using due diligence. Plaintiffs did not argue why they could not have found the purportedly newly discovered evidence if they had exercised due diligence, nor did the trial court make such a finding. Absent such a finding, reopening the case because of the discovery of new evidence subverts the language of MCR 2.612(C)(1)(b).

required "to have performed an investigation of all assertions and representations made by its contracting partner as a prerequisite to establishing fraud." *Id*. Nonetheless, a party cannot demonstrate fraud if it had access to information about the truthfulness of the allegedly fraudulent assertion and the opposing party did not prohibit access to that information. *Bev Smith, Inc v Atwell*, 301 Mich App 670, 688; 836 NW2d 872 (2013).

Plaintiffs first contend that Davison mischaracterized certain facts when arguing the summary disposition motion that was denied by the trial court in this case. Plaintiffs point to a discovery response provided by Suski in a different suit filed by plaintiffs in 2014 and argue that Suski's response contradicted Davison's statement. Suski provided this response to plaintiffs on March 30, 2015. As a result, plaintiffs cannot now claim that Davison made a fraudulent misrepresentation at a hearing in August 2015. Even if Davison's statement was inaccurate, plaintiffs clearly had the means to discover the truth at the time because they already had Suski's response, which plaintiffs appear to believe accurately reflects what occurred.[3]

Plaintiffs next contend that McAra misrepresented in an affidavit that December 12, 2013, was the earliest date he was retained to represent Suski with regard to the operation of the joint venture because a billing statement shows that, on December 12, 2013, McAra reviewed a cross-collateral agreement between Ally and Suski executed on November 22, 2013. Plaintiffs speculate that it makes no sense that McAra would review a document that had already been executed, and they ask this Court to allow them to search for further evidence that McAra represented Suski before December 12, 2013. This speculation is not the type of "strict factual proof" required to support an allegation of fraud. See *Yee*, 251 Mich App at 405. Suski was facing the possibility of Ally asserting its right to repossess its collateral, and McAra reviewed a document that appeared to control Ally's remedies in the event of a default. Accordingly, McAra's claim about the earliest date of representation makes sense, and plaintiffs have not identified evidence of fraud or the need for further factual development.

Plaintiffs next turn to the correction of a scrivener's error in a discovery response provided by Suski in the 2014 suit filed by plaintiffs that Davison signed as Suski's attorney. The discovery response misstated the name of the specific entity to which Cheyenne granted power of attorney to transfer title to vehicles owned by Bentley's Best. The power of attorney, drafted with plaintiffs' counsel's assistance, granted power of attorney to "Suski Chevrolet Buick, Inc." The discovery response identified the entity as "Suski Used Cars, LLC." The trial court agreed that this response contained a scrivener's error and allowed defendants to correct it to read Suski Chevrolet Buick, Inc. after entry of the stipulated dismissal in this case. The trial court's grant of the motion to correct the error because it was patently obvious belies plaintiffs' claim of fraud. Further, the power of attorney that Cheyenne signed, and that her attorney had a hand in drafting, named Suski Chevrolet Buick, Inc. as the entity that sold the cars. Plaintiffs

---

[3] To the extent plaintiffs argue that Davison misrepresented certain deposition testimony, the deposition testimony at issue would also have been available to plaintiffs, so they would have had the means to discover whether Davison's statement, which appeared to be based on this deposition testimony, was an accurate representation of the deposition testimony.

could have easily consulted the power of attorney to determine the correct entity. Accordingly, plaintiffs have identified no actionable claim of fraud.

Finally, plaintiffs contend that they were misled regarding how much they were entitled to receive after the dissolution of the joint venture. However, plaintiffs provided no evidence of this contention and no argument explaining how defendants misled them. On appeal, they provide no discussion whatsoever of this purported fraud. Accordingly, they have presented no basis for finding fraud for this reason.

Plaintiffs also cited MCR 2.612(C)(1)(f), the catchall provision for obtaining relief from judgment. This provision only applies if the reason for setting aside the judgment does not fall within any other provision of MCR 2.612(C)(1). *Rose v Rose*, 289 Mich App 45, 54; 795 NW2d 611 (2010). Because the basis for plaintiffs' motion falls under a different subrule, relief from judgment under MCR 2.612(C)(1)(f) is not appropriate. Therefore, the trial court abused its discretion by setting aside the stipulated order of dismissal. Plaintiffs identified no basis to set aside the stipulated order of dismissal, and an evidentiary hearing is not required to further develop the record.

In sum, we reverse the trial court's September 19, 2016 order setting aside the dismissal order, and we conclude that the March 8, 2016 stipulated order of dismissal shall be enforced. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Kirsten Frank Kelly